IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-632-FL

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FORREST D. BRIDGES AND JAMES C. DEVER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. On September 26, 2013, the court dismissed plaintiff's action without prejudice pursuant to the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1] The matter comes before the court on plaintiff's motion for the court to serve defendants (DE 13), motion for a hearing (DE 14), and pleading captioned "Notice of Objection to Order," (DE 15) which this court construes as a motion to alter or amend this court's September 26, 2013, judgment pursuant to Federal Rule of Civil Procedure 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies plaintiff's Rule 59(e) motion and denies as moot plaintiff's remaining motions.

The court begins with plaintiff's motion to alter or amend the court's September 26, 2013, judgment pursuant to Rule 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed.

---

[1] Alternatively, the court dismissed the action without prejudice because plaintiff failed to comply with Magistrate Judge Robert B. Jones' September 4, 2013, order directing plaintiff to either pay the filing fee or complete an in forma pauperis application.

R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Plaintiff states that he "objects" to the court's September 26, 2013, order because he "is an incompetent person who suffers a mental and physical impairment, and who also is not a party to any action that challenges prison conditions or prison officials for which [ the court] is misrepresenting the true cause of action." (Pl's Mot. (DE 15), p. 2.) To the extent plaintiff contends that § 1915(g) does not apply to him because he is incompetent, his claim lacks merit. Section § 1915(g) applies to prisoners, which is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 28 U.S.C. § 1915(h). Plaintiff currently is a state inmate serving a term of incarceration for obtaining the status of being a habitual felon. See www.doc.state.nc.us (May 19, 2014). Accordingly, plaintiff qualifies as a prisoner for the purposes of § 1915(g), and plaintiff has not stated a ground for relief pursuant to Rule 59(e).

2

As for the remainder of plaintiff's Rule 59(e) motion, plaintiff presents only nonsensical and conclusory allegations. Accordingly, plaintiff fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion.

In summary, plaintiff's Rule 59(e) motion to alter or amend the court's judgment (DE 15) is DENIED. Because the court denied plaintiff's Rule 59(e) motion, the court DENIES as MOOT plaintiff's motion for the court to serve defendants (DE 13) and motion for a hearing (DE 14).

SO ORDERED, this the 22nd day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge